UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| SHEILA JONES, | ) |
| Plaintiff, | ) |
| | ) Case No.:  CV 222-070 |
| v. | ) |
| | ) COMPLAINT |
| RGL ASSOCIATES, INC., | ) |
| | ) JURY TRIAL DEMANDED |
| Defendant. | ) |

## Complaint for Damages

Plaintiff Sheila Jones ("Plaintiff") files her Complaint for Damages against the Defendant RGL Associates, Inc. ("Defendant") for their willful, intentional, and/or negligent violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*. (hereinafter "FDCPA"), under Georgia's Fair Business Practices Act, O.C.G.A. §§ 10-1-390 *et seq.* (hereinafter "FBPA"), and under The Unfair and Deceptive Practices Toward the Elderly Act, O.C.G.A. §§ 10-1-850 *et seq.* (hereinafter "UDPTEA").

## Jurisdiction - FEDERAL

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This Court has subject matter jurisdiction of claims arising under the FDCPA which invokes federal question jurisdiction pursuant to 28 U.S.C. § 1331.

3. This Court also has supplemental jurisdiction with regard to Plaintiff's pendent state law claims and under the doctrine of supplemental jurisdiction as set forth in 28 U.S.C. § 1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2).

5. Defendant has a principal place of business located at 3536 Darien Hwy, Brunswick, GA, 31525-2401.

6. Defendant's principal place of business is in Glynn County Georgia.

7. Glynn County Georgia is in the Southern Georgia Federal Judicial District.

8. Venue is proper in this Court because the Defendant resides in the State of Georgia and Defendant has a principal place of business in this judicial district.

## Parties

9. Plaintiff is a natural person residing in Bonaire, Georgia, which is located in Houston County, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. § 1692k(a).

10. Plaintiff is a "consumer" as that term is defined by O.G.C.A. § 10-1-392(a)(6).

11. Defendant is a debt collection company operating within, and actively collecting consumer debts in, the State of Georgia, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

12. Summons and Complaint may be served on Defendant by service on its registered agent for service of process in Georgia, Suzan C. Boyd, 3536 Darien Hwy, Brunswick, GA, 31525-2401.

13. Defendant directed communications to Plaintiff using means of interstate commerce while Plaintiff resided in Georgia.

14. Defendant uses the mails and interstate commerce in the collection of consumer debts regularly.

15. Defendant regularly contacts consumers and attempts to collect debts from consumers residing in this judicial district using instruments of interstate commerce.

16. Defendant's principal purpose is the collection of debts.

17. Defendant's website showcases a "Collector's Pledge"

18. The "Collectors Pledge" makes every collector in Defendant's employment responsible for making consumers find ways to pay their debts.

19. Defendant has more than seventy (70) active debt collection cases in the State of Georgia alone.

20. Defendant is a Garnishor in a Houston County Superior Court case 2006V086499L in a garnishment action against Rudy Ragins.

21. Defendant is a Garnishor in a Houston County Superior Court case 2009v097590L in a garnishment action against Floyd Franks and Malancho, Inc.

22. Defendant is a Plaintiff in a Houston County Superior Court case 2009V097590 to collect a debt from Floyd Franks and Malancho, Inc.

23. Within the last year, four complaints concerning Defendant have been filed with the Consumer Financial Protection Bureau by consumers.

24. Defendant has been a member of the Association of Credit and Collection Professionals since February 1, 1985.

25. The Better Business Bureau defines RGL Associates, Inc. as a collections agency.

26. Defendant is insured for violations of the Fair Debt Collection Practices Act.

## Statutory Scheme

## The Fair Debt Collection Practices Act

27. Congress enacted the FDCPA to "eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from

using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

28. Debt is a big business in America. In the first quarter of 2017, U.S. household debt exceeded 12.73 trillion dollars.[1] This number exceeds the gross domestic product of China.[2] Credit card debt accounted for six percent or 763.8 billion dollars' worth of household debt. By April of 2017, the Federal Reserve reported Americans had the highest credit card debt in history as the number soared past the one trillion-dollar mark.[3]

## The Georgia Fair Business Practices Act

29. The Georgia legislature enacted the GFBPA "to protect consumers and legitimate business enterprises from unfair or deceptive practices in the conduct of any trade or commerce in part or wholly in the state. It is the intent of the General Assembly that such practices be swiftly stopped, and this part shall be liberally construed and applied to promote its underlying purposes and policies."

---

[1] *Household Debt Makes a Comeback in the U.S.*, New York Times (May 2017) accessed on Mar. 4, 2018 https://www.nytimes.com/2017/05/17/business/dealbook/household-debt-united-states.html

[2] *In Debt We Trust for U.S. Consumers With $12.7 Trillion Burden*, Bloomberg (Aug. 2017) accessed on Mar. 3, 2017 https://www.bloomberg.com/news/articles/2017-08-10/in-debt-we-trust-for-u-s-consumers-with-12-7-trillion-burden

[3] *Americans Now Have the Highest Credit-card Debt in U.S. History*, Marketwatch (Aug. 2017) accessed on Mar. 4, 2017 https://www.marketwatch.com/story/us-households-will-soon-have-as-much-debt-as-they-had-in-2008-2017-04-03

30. The FDCPA and GFBPA all provide for enforcement of their respective protections and civil liability through consumers acting as private attorneys general.

## Facts Common to All Counts

31. Sometime prior to September 28, 2018, Plaintiff incurred a financial obligation ("Debt") with Perry Hospital, which is owned by Houston Hospitals, Inc.

32. The Debt arose from two separate hospital visits.

33. The first obligation arose when Plaintiff incurred a medical debt on September 28, 2018 in the amount of $353.48.

34. The second obligation arose when Plaintiff incurred a medical debt on January 21, 2019 in the amount $218.62.

35. The total amount of unpaid medical debt owed by Plaintiff to Houston Hospitals, Inc. was $572.10.

36. The Debt was primarily for personal, family, or household purposes.

37. On June 09, 2021, at the request of Defendant, Houston Hospital, Inc. authorized Defendant to hire Michael Deal to commence civil action against Plaintiff.

38. In effect, Defendant provided legal services to Houston Hospitals, Inc because Defendant exercised managerial control over Michael Deal.

39. Defendant is not a law firm nor is Defendant owned by lawyers authorized to practice law in Georgia.

40. Defendant does not own the debt that Plaintiff owed to Houston Hospitals, Inc.

41. This suit started on July 30, 2021 and asked for twice the amount that Plaintiff actually owed to Houston Hospitals Inc.

42. Plaintiff paid $98.95 against the Debt to Defendant over a period of time from April 01, 2020 to July 07, 2021.

43. Defendant never credited Plaintiff for these payments.

44. The case number for the suit is 2021-MV-0191-0704

45. Defendant demanded attorney's fees from Plaintiff for their cost of their attorney.

46. Defendant regularly engages in the collection of debts.

47. Defendant's principal purpose is the collection of debts like the Debt at issue.

48. Defendant demanded attorney's fees from Plaintiff for their work in case number 2021-MV-0191-0704.

49. An unsophisticated consumer would believe that only an attorney could collect attorney's fees.

50. When Defendant demanded attorney's fees, they implied they are an attorney.

51. Defendant engaged in the unauthorized practice of law.

52. The Debt was in default or alleged to be in default at the time Defendant began its efforts to collect it.

## Causes of Action

## Count I – Violations of the Fair Debt Collection Practices Act

## 15 U.S.C. §§ 1692 et seq.

53. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

54. The debt identified in the collection action filed by Defendants is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

55. Defendants RGL Associates, Inc. is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

56. Defendant represented to Plaintiff that Plaintiff owed money she did not owe in violation of 15 U.S.C. § 1692e and 15 U.S.C. § 1692f

57. Defendant did not credit Plaintiff with the amounts Plaintiff paid toward the Debt in violation of 15 U.S.C. § 1692e and 15 U.S.C. § 1692f

58. Defendant falsely represented the amount that Plaintiff owed on the Debt in violation of 15 U.S.C. § 1692e and 15 U.S.C. § 1692f

59. Defendant falsely attempted to collect attorney's fees from Plaintiff, which is confusing because it tends to falsely show that Defendant is an attorney or law firm, which it is not, in violation of 15 U.S.C. § 1692e and 15 U.S.C. § 1692f

60. As result of each Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant RGL Associates, Inc.

## Count II – Georgia Fair Business Practices Act
## O.C.G.A. §§ 10-1-390 *et seq.*

61. Plaintiff is a "consumer" as that term is defined by O.C.G.A. § 10-1-393(a)(6).

62. The collection of debt related to consumer transactions is also considered a "consumer transaction," as that term is defined by O.C.G.A. § 10-1-393(a)(10). *1st Nationwide Collection Agency, Inc. v. Werner*, 288 Ga. App. 457, 459 (2007).

63. Plaintiff's counsel mailed an ante litem notice to Defendant by certified mail in compliance with O.C.G.A. § 10-1-393(a) on May 01, 2022.

64. Defendant RGL Associates, Inc. violated O.C.G.A. § 10-1-393.8 by intentionally violating the FDCPA as described above.

65. Defendant's violation of the FPBA was done intentionally and willfully, was not the result of error, and was not in conformity with any law, regulation, consent order, or other promulgation of rules.

66. Plaintiff is entitled to the trebling of any actual and statutory damages she sustained as a result of the Defendant's intentional and/or willful violations of the FBPA pursuant to O.C.G.A. § 10-1-399(c) and, reasonable attorney's fees and costs pursuant to O.C.G.A. § 10-1-399(d) from Defendant.

### Count III – Punitive Damages under the FBPA

67. On information and belief, Plaintiff alleges that Defendants and their agents acted willfully and with malice, wantonness, oppression, or with that entire want of care which would raise the presumption of conscious indifference to the consequences of its actions, entitling Plaintiff to an award of punitive damages in an amount to be determined by the enlightened conscience of a jury.

68. Plaintiff has a statutorily created right to "exemplary damages," sometimes also called punitive damages, pursuant to O.C.G.A. § 10-1-399(a) for intentional violations of Georgia's Fair Business Practices Act, O.C.G.A. § 10-1-390 et seq.

69. Plaintiff alleges Defendants' continued actions are intentional in nature and requests that this Court award Plaintiff exemplary damages, also known as punitive damages, in an amount to be determined by the enlightened conscious of a jury.

### Demand for a Jury Trial

70. Trial by jury is hereby demanded.

**WHEREFORE**, Plaintiff prays that this Court:

a) Find that Defendant RGL Associates, Inc.'s behavior violates the FDCPA;

b) Find that Defendant RGL Associates, Inc. intentionally violated the FBPA;

c) Find that Defendant RGL Associates, Inc. engaged in the unauthorized practice of law.

d) Enter judgment in favor of Plaintiff and against Defendants RGL Associates, Inc. for statutory damages, actual damages, costs, and reasonable attorney's fees as provided by § 1692k(a) of the FDCPA;

e) Enter judgment in favor of Plaintiff and against Defendant RGL Associates, Inc. for general damages, costs, and reasonable attorneys' fees as provided by §§ 10-1-399(a) and (d) of the FBPA;

f) Enter judgment in favor of Plaintiff and against Defendant RGL Associates, Inc. for treble damages as provided by § 10-1-399(c).

g) Find Defendant liable for punitive damages in an amount to be determined by the enlightened conscious of a jury pursuant to Georgia's Fair Business Practices Act, O.C.G.A. § 10-1-399(a) and O.C.G.A. § 51-12-5.1;

h) Enter judgment in favor of Plaintiff and against Defendants for interest in accordance with § 51-12-14(a) of the Unliquidated Damages Interest Act;

i) Enter judgment in favor of Plaintiff in an amount to offset any tax liability incurred by Plaintiff as a result of acting as a private attorney general and enforcing the FDCPA; and,

j) Grant such other and further relief as the Court may deem just, necessary or appropriate.

Submitted June 19, 2022.

/s/ Clifford Carlson
Clifford Carlson
Georgia Bar No. 227503

Cliff Carlson Law, P.C.
1114-C1 Highway 96 #347
Kathleen, Georgia 31047
Tel. 478-254-1018
cc@cliffcarlsonlaw.com